UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JORAUN DAVID REED LATTA,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>    Respondent. | Case No. CV410-007<br>             CR407-044 |

## REPORT AND RECOMMENDATION

On January 1, 2009, the Supreme Court in *Spears v. United States* 129 S. Ct. 840 (2009) held that, even when a particular defendant in a crack-cocaine case presents no special mitigating circumstances, a sentencing court nevertheless may vary downward from the United States Sentencing Guidelines range, and it may do so based solely on its view that the guidelines' 100-to-1 ratio for the treatment of crack versus powder cocaine created an unwarranted disparity within the meaning of the statutory sentencing factors, and thus was at odds with them. *Id.* at 843-44. Citing *Spears*, Joraun Latta, who on October 5, 2007 was

sentenced by this Court to 78 months' imprisonment,[1] moves under 28 U.S.C. § 2255 to be resentenced because, he contends, his sentencing judge voiced disagreement with the Sentencing Guidelines yet felt constrained by them. *Spears*, he insists, altered the law and thus would alter that judge's re-sentencing now. Latta's conviction became final in 2007,[2] but he argues that his January 5, 2010-filed § 2255 motion[3] is timely, despite § 2255(f)(3)'s one-year limitation period, because *Spears* represents an intervening change in the law, thus restarting that one-year clock.

Upon review of the record under 28 U.S.C. § 2255 Rule 4, the Court concludes that his motion must be dismissed without an evidentiary

---

[1] *See* doc. 24; *see also* doc. 33 ("Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582"); doc. 34 (granted, sentence reduced to 66 months). All citations are to the CR407-044 file.

[2] Latta pled guilty to distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Doc. 23, 24. He appealed, doc. 26, then later abandoned it. Doc. 30. All of those events took place in 2007. Under § 2255(f)(3), a conviction is final at the conclusion of direct review, but if the defendant takes no direct appeal then the judgment of conviction is final upon the date on which the time for filing an appeal expired. *See, e.g., Fearn v. United States*, 2010 WL 1882082 at *1 (E.D. Tenn. May 11, 2010).

[3] *See* doc. 35 at 9 (his January 5, 2010 date of service). Actually, he cites his guilty plea and sentencing dates, doc. 35 at 2, and ignores the fact that he abandoned his direct appeal, doc. 30 (appeal dismissed Nov. 29, 2007).

hearing, as it plainly appears from the face of his motion that it is time-barred. *Spears* merely reaffirmed earlier case law and thus does not constitute a new right that has been made retroactively applicable to cases on collateral review. *See Fearn*, 2010 WL 1882082 at * 3 (rejecting same argument because "[u]nder § 2255(f)(3), the statute of limitations starts only upon the initial recognition of a right, not upon a case [i.e., *Spears*] reaffirming that right. In addition § 2255(f)(3) also requires that the newly recognized right must be made retroactively applicable to cases on collateral review. *Spears* was reaffirming [*Kimbrough v. United States*, 552 U.S. 85 2007)], not recognizing a new right, and it has not been made retroactively applicable to cases on collateral review"); *Delcid v. United States*, 2010 WL 1427399 at * 1 (D. Md. Apr. 8, 2010) (same); *United States v. Roy*, 2010 WL 391825, *2 (W.D. Va. Feb. 3, 2010) (same); and *Wright v. United States*, 2010 WL 107700 at * 3 (M.D. Fla. Jan. 5, 2010) (same). Thus, Latta's § 2255 motion remains time-barred.

Accordingly, the Court should **DENY** Joraun Latta's § 2255 motion **WITH PREJUDICE**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL

307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 24th day of May, 2010.

/s/ G.R. Smith
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**